IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DARRELL M. LEEPER,              )
                    Plaintiff,  )
                                )
vs.                             )   Case No. 02-4046-CV-C-SOW
                                )
MIDWEST GOLD AND GEM            )
CORPORATION,                    )
                    Defendant.  )

## ANSWER

## COUNT I - ERISA

COMES NOW Defendant MIDWEST GOLD AND GEM CORPORATION and for its Answer to Count I of Plaintiff's Complaint states:

1.     Paragraph 1 thereof is admitted.

2.     Paragraph 2 thereof is admitted except for the allegation that Defendant is engaged in an industry or activity affecting interstate commerce which is specifically denied.

3.     Paragraph 3 thereof is admitted.

4.     Paragraph 4 thereof is admitted.

5.     Defendant admits that Plaintiff informed Defendant that he was having heart trouble but lacks sufficient information to admit or deny the details alleged in paragraph 5 and accordingly denies the same.

6.     Defendant lacks sufficient information to admit or deny paragraph 6 thereof and accordingly denies the same.

7.     Paragraph 7 thereof is denied.

8.     Defendant admits that in 2001 it gave Plaintiff the option to become an independent contractor for Defendant, which option Plaintiff refused, but otherwise denies the allegations of paragraph 8 in their entirety.

9.     Defendant admits that it fired Plaintiff allegedly (and in fact) for insubordination and other cause, and that the termination occurred three (3) days before Defendant's new group health insurance plan **which included Plaintiff** went into effect, but otherwise denies paragraph 9.

10.    Paragraph 10 thereof is denied.

11.    Defendant lacks sufficient information or knowledge to admit or deny paragraph 11 of the Complaint and accordingly denies the same.

12.    Defendant denies paragraph 12.


## COUNT II - WRONGFUL DISCHARGE

COMES NOW Defendant and for its Answer to Count II of the Complaint states:

13.    Defendant realleges and incorporates by reference its Answers to Count I hereinabove.

14.    Paragraph 2 of Count II is denied.

15.    Paragraph 3 of Count II is denied.

16.    Paragraph 4 of Count II is denied.

17.    Paragraph 5 of Count II is denied.


## AFFIRMATIVE DEFENSES

18.    Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted in Defendant's Answer hereinabove.

-2-

19.     Defendant states that Plaintiff's Complaint, and each and every count thereof, fails to state a claim or cause of action upon which relief may be granted against Defendant.

20.     Defendant states that all actions taken with respect to Plaintiff were taken for legitimate, nondiscriminatory reasons and by the exercise of reasonable business judgment.

21.     Plaintiff failed to mitigate any damages he may have incurred or experienced, the existence of which is specifically denied by Defendant.

22.     ERISA does not confer a right to trial by jury, and Plaintiff's demand for a jury trial should accordingly be stricken.

23.     ERISA does not confer a right to recover punitive damages, and Plaintiff's prayer for punitive damages should accordingly be stricken.

24.     Plaintiff's claim for punitive damages against Defendant violates Defendant's rights secured by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and by Article 1, Sections 2, 10, 13, 14 and 21 of the Missouri Constitution in that the claim for punitive damages is for the purpose of punishing Defendant and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision or clarity to notify Defendant in advance of the conduct that will give rise to the imposition of punishment in the form of punitive damages, and that the amount of the penalty that may be imposed is indeterminate in that there are no definite standards governing the discretion of the fact finder in determining the severity of the punishment to be inflicted, all of which violate Defendant's rights to procedural and substantive due process secured by both the federal and state constitutions. The claim for punitive damages constitutes a request for an excessive fine and would therefore, deprive Defendant of the right secured by the federal and state constitutions that excessive fines shall not be imposed. The punitive damage claim discriminates

against Defendant on the basis of wealth in that different amounts can be awarded against different defendants for the same acts solely upon the difference in wealth and further the lack of standards for imposing punitive damages allows the fact finder to impose punishment on one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct and therefore is irrational, arbitrary, and capricious and constitutes a deprivation of Defendant's right to the equal protection of the laws as secured by the federal and state constitutions. The claim for punitive damages amounts to an ex post facto law and a punishment which is retrospective in operation. It impairs Defendant's rights to contract and to access of the courts, and further constitutes an uncertain remedy, all in contravention of rights secured for Defendant by the federal and state constitutions.

25.    Defendant states that before any punitive damages may be assessed against Defendant, Plaintiff must establish his entitlement to punitive damages by clear and convincing evidence.

26.    Defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Consequently, Defendant specifically reserves the right to amend its Answer to include affirmative defenses at the time they are discovered.

27.    Plaintiff's Complaint and causes of action are barred because Defendant failed to exhaust his administrative remedies, consisting of his unresolved case currently pending before the Missouri Commission on Human Rights alleging substantially the same matters as set forth in his Complaint.

28.    Defendant's business does not affect interstate commerce.

29.    Count II of the Complaint alleging wrongful discharge is preempted by ERISA.

30.    Count II of Plaintiff's Complaint is preempted by Section 287.780 of the Revised Statutes of Missouri, which would constitute an exclusive remedy and which requires proof of sole and exclusive causation.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in Defendant's favor, that costs and attorney's fees be assessed against Plaintiff, and for such other and further relief as this Court deems just and proper.

/s/ Thomas M. Schneider
THOMAS M. SCHNEIDER          #26603

JONES, SCHNEIDER AND BARTLETT, LLC
11 N. Seventh Street
Columbia, MO 65201
(573) 449-2451
Fax No. (573) 443-8620
E-mail tms@11-7law.com

Attorney for Defendant MIDWEST GOLD
AND GEM CORPORATION

/s/Glen R. Ehrhardt
GLEN R. EHRHARDT             #33177

ROGERS & EHRHARDT, L.L.C.
813 E. Walnut Street, Ste. B
Columbia, MO 65201-4862
(573) 442-0131
Fax No. (573) 442-9423
E-mail gehrhardt@socket.net

Attorney for Defendant MIDWEST GOLD
AND GEM CORPORATION

-5-